*AMENDED DLD-197 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1592
_____

IN RE: DELGARDO SCOTT,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 02-cr-00073)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 18, 2013
Before: AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: July 11, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Delgardo Scott is a federal inmate. He has filed a petition for writ of

mandamus, dated February 27, 2013, asking us to compel the District Court to issue a ruling on

the motion to dismiss that he filed in his criminal case. Scott identified the motion to dismiss

by certified mail number, and the record shows that the motion was signed and mailed on

October 24, 2012, and filed on the docket on October 26, 2012.

Scott already has received the relief he seeks in his mandamus petition, as the District

Court denied the motion to dismiss by order entered November 8, 2012. Thus, the matter is

1

moot.  See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001).

Because the District Court has adjudicated Scott's motion, and there is no need for our intervention, we will deny the petition for a writ of mandamus.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).[1]

---

[1]  Within this mandamus action, Scott has also filed documents, including Petitions To Dismiss, in which he seeks, among other things, dismissal of his criminal proceedings and immediate release from incarceration.  We decline to rule on these documents.  To the extent that he wishes to pursue a collateral attack on the judgment and sentence in his criminal case, he must pursue such relief in the District Court.  Insofar as Scott may be objecting to the District Court's ruling on his motion to dismiss filed in District Court, it is not appropriate for us to issue relief via mandamus in lieu of an appeal.  See, e.g., In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012); In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).